**TOTAL COVERAGE, INC.,**
Plaintiff–Appellant,

v.

**CENDANT SETTLEMENT SERVICES GROUP, INC.,** Defendant–Respondent.

No. 05–55521.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2007.

Filed July 3, 2007.

124

A. Eric Aguilera, Esq., Bohm Francis Kegel & Aguilera, Costa Mesa, CA, for Plaintiff–Appellant.

Matthew A. Hodel, Hodel Briggs Winter, Irvine, CA, for Defendant–Respondent.

Before: REINHARDT and BEEZER, Circuit Judges, and HENDERSON, District Judge.*

## MEMORANDUM **

Appellant Total Coverage, Inc. Appeals dismissal of its complaint for failure to state a claim. We affirm for the reasons discussed below.

■ First, the Agreement to Negotiate did not categorically prohibit Cendant from negotiating with T–Mobile. The unambiguous language of the Agreement explicitly gave Total Coverage a "non-exclusive right to negotiate on [Cendant's] behalf." Nothing in the Agreement supports Total Coverage's theory that this language means Cendant cannot negotiate on its own behalf, or that the agreement is "non-exclusive" only as to "other third-party vendors." An agreement which simply gives one party the right to negotiate for the other does not prohibit the latter from negotiating on its own. *See Nelson v. Mayer*, 122 Cal.App.2d 438, 440, 445, 265 P.2d 52 (1954); *Harcourt v. Stockton Food Products*, 113 Cal.App.2d 901, 905, 249 P.2d 30 (1952). Total Coverage's remaining arguments based on the language of the Agreement also fail.[1]

■ Total Coverage argues it nonetheless stated a claim for breach of contract because it was the "procuring cause" of the agreement Cendant ultimately entered into with T–Mobile.[2] Under a procuring cause theory,

> if the broker's efforts result in a "meeting of the minds" between the buyer and the seller but the final negotiations and the conclusion of the sale are conducted by them without the aid of the broker, he will still earn his commission.

*Buckaloo v. Johnson*, 14 Cal.3d 815, 820 n. 2, 122 Cal.Rptr. 745, 537 P.2d 865 (1975), *disapproved on other grounds by Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 45 Cal.Rptr.2d 436, 902

---

* The Honorable Thelton E. Henderson, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. Although ambiguous contract language should be construed against the drafter, Cal. Civ.Code § 1654, the language here is clear, and nothing in the record establishes which party drafted the Agreement. The Agreement does not run afoul of Cal. Civil Code § 1643; a contract that gives one party a right to negotiate for another is not unlawful or unreasonable, even if it imposes no obligations

on the latter. Finally, this Court can look to the circumstances under which the Agreement was made only where "on the face of the contract there is doubt as to its meaning." *Leonard v. Huston*, 122 Cal.App.2d 541, 548–49, 265 P.2d 566 (1954).

2. The "procuring cause" concept arises most often in real estate transactions, but has been applied in other contexts where an agent claims a commission. *See, e.g., Chamberlain v. Abeles*, 88 Cal.App.2d 291, 295–296, 198 P.2d 927 (1948)(listing cases); (sale of stock); *Northwestern Packing Co. v. Whitney*, 5 Cal. App. 105, 89 P. 981 (1907)(sale of fish).

P.2d 740 (1995) (citations omitted); *see also Twogood v. Monnette,* 191 Cal. 103, 107, 215 P. 542 (1923)(broker has earned the commission where he has produced party willing to purchase on terms satisfactory to seller, brought buyer and seller together, or produced buyer who has accepted seller's terms).

Total Coverage did not plead that as a result of its efforts, T–Mobile was "able, ready, and willing to enter into [a] transaction on *terms acceptable* to [Cendant]," *Justice v. G.W. Ackerman,* 183 Cal.App.2d 649, 652, 6 Cal.Rptr. 921 (1960)(emphasis added), or that Cendant ultimately closed the deal on terms comparable to those Total Coverage had negotiated on its behalf. The Second Amended Complaint alleges only that Total Coverage "negotiated rates on behalf of Defendant CENDANT and presented the rates to CENDANT's decision-making executives," Second Amended Complaint ¶ 9, and that it "fully performed all of its obligations under the Agreement." *Id.* ¶ 10. These bare allegations are insufficient to state a claim under a procuring cause theory.

Although leave to amend is freely given "when justice so requires," Fed. R. Civ. Pro. 15(a), Total Coverage is not entitled in this simple contract case to a fourth attempt to state a claim. The district court granted the Motion to Dismiss the First Amended Complaint "for the reasons stated in defendants' papers and in light of plaintiff's request for leave to file an amended complaint." Cendant's briefs, in turn, argued the "procuring cause" theory did not apply because Total Coverage failed to allege it had produced a buyer "ready [and] able to buy upon the terms and at the prices specified by the owner," citing *Duffy v. Campbell,* 250 Cal.App.2d

662, 668, 58 Cal.Rptr. 653 (1967). ER 165. Total Coverage was on notice of the deficiency in its pleadings when it filed the Second Amended Complaint.

■ Second, Cendant did not breach the Covenant Not To Compete and Non–Disclosure Agreement because the Covenant was superseded by the Agreement to Negotiate. The two agreements related to the same subject matter: the Covenant provided that Cendant would not be connected with a business that competes with Total Coverage, while under the Agreement to Negotiate, Cendant could permissibly be connected with (or function as) a business that competes with Total Coverage. Had the parties intended to keep those portions of the Covenant relating to confidential information in force, they could have agreed that the confidential information provisions of the Covenant remained in effect. *See, e.g., Romo v. Y–3 Holdings, Inc.,* 87 Cal.App.4th 1153, 1159, 105 Cal.Rptr.2d 208 (2001)(describing merger clause which states contract is "complete agreement of the parties on the subject of arbitration of disputes, except for any arbitration provision contained in any pension or benefit plan").[3]

Third, the alleged oral contract is indistinguishable from the written Agreement to Negotiate, and fails for the same reasons: neither purports to give Total Coverage an exclusive right to negotiate on Cendant's behalf. Moreover, the merger clause in the Agreement to Negotiate, dated July 10, 2003, provided that the Agreement superseded any contemporaneous agreement on the same subject matter.

■ Fourth, Total Coverage cannot state claims for *quantum meruit,* unjust enrichment, or promissory estoppel because the parties' respective rights were

---

**3.** Because Total Coverage did not state a claim for breach of the Covenant, the district court properly dismissed the cause of action

for reformation of the Covenant to correct the name of the signing entity.

set out in the written Agreement to Negotiate. Under California law, an action in quasi-contract does not lie "when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Fin. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir.1996); *Sutter Home Winery v. Vintage Selections*, 971 F.2d 401, 408–409 (9th Cir.1992)(denying on the pleadings defendant's quasi-contract claims because relationship between parties governed by a valid express contract); *see also Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal.App.4th 1410, 1419–1420, 49 Cal.Rptr.2d 191 (1996). The Agreement to Negotiate gave Total Coverage a non-exclusive right to negotiate, clearly contemplating that some other entity might also negotiate and close a deal. It made no provision for paying Total Coverage for its fruitless efforts under those circumstances. Allowing Total Coverage to recover in quasi-contract would improperly redefine the party's rights. *See California Medical Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal.App.4th 151, 172–173, 114 Cal. Rptr.2d 109 (2001).

Total Coverage argues it is entitled to plead both the express contracts and its quasi-contract claims in the alternative under Fed. R. Civ. Pro. 8(e)(2). We have held that, in light of Rule 8(e)(2)'s liberal pleading policy, a pleading "should not be construed as an admission against another alternative or inconsistent pleading in the same case." *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990), *quoting Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir.1985).

However, the liberal pleading policy has its limits. "[A] pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question." *American Intern. Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996), *citing* Fed. R. Civ. Pro. 11; Fed. R.

Civ. Pro 8(e)(2)(all statements in pleading "shall be made subject to the obligations set forth in Rule 11"); *see also* 5 Wright and Miller, *Federal Practice and Procedure* § 1285 (3d ed. 2004)("A party should not set forth inconsistent, or alternative, or hypothetical statements in the pleadings unless, after a reasonable inquiry, the pleader legitimately is in doubt about the factual background or legal theories supporting the claims or defenses or is otherwise justified in pleading in this fashion …").

Here, however, there is no dispute about the existence or validity of the express contract. We hold above that the contract is not illusory under the district court's interpretation of its terms. Total Coverage does not allege that the contract is void, rescinded, or otherwise unenforceable, and Cendant agrees that the express contract governs the relationship between the parties. Under these circumstances, Total Coverage cannot plead alternative theories that necessarily fail where an express contract defines the rights of the parties.

Fifth, Total Coverage alleges that a Cendant agent falsely promised Total Coverage "would be allowed to negotiate on its behalf and receive the full commission provided by T–Mobile" if it analyzed Cendant's phone lines. California courts "have consistently rejected promissory fraud claims premised on prior or contemporaneous statements at variance with the terms of a written integrated agreement." *Casa Herrera, Inc. v. Beydoun*, 32 Cal.4th 336, 346, 9 Cal.Rptr.3d 97, 83 P.3d 497 (2004); *see also Brinderson–Newberg Joint Venture v. Pacific Erectors, Inc.*, 971 F.2d 272, 281 (9th Cir.1992), *quoting Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 484, 261 Cal.Rptr. 735 (1989). Here, the alleged representation—that Total Coverage would be allowed to close the deal if it analyzed Cendant's cell phone use—direct-

ly contradicts the Agreement to Negotiate, which gave Total Coverage a non-exclusive right to negotiate with T–Mobile. The cause of action for fraud fails.

■ Finally, Total Coverage has not adequately pled a cause of action for intentional interference with prospective economic advantage.[4] Total Coverage's claim fails because it does not allege acts that are independently "wrongful" by some "constitutional, statutory, regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed Martin*, 29 Cal.4th 1134, 1159, 131 Cal. Rptr.2d 29, 63 P.3d 937 (2003); *Stevenson Real Estate Services, Inc. v. CB Richard Ellis Real Estate*, 138 Cal.App.4th 1215, 1218, 1220–1221, 42 Cal.Rptr.3d 235 (2006)(conduct must be "independently actionable"). Under California law, simple intentional interference with prospective economic advantage is not considered a wrong in and of itself, *Korea Supply*, 29 Cal.4th at 1159, 131 Cal.Rptr.2d 29, 63 P.3d 937; otherwise, legitimate business competition might fall within the ambit of the tort. *Della Penna v. Toyota Motor Sales, U.S.A. Inc.*, 11 Cal.4th 376, 393, 45 Cal.Rptr.2d 436, 902 P.2d 740 (1995). As set out above, Total Coverage has not successfully alleged that Cendant's conduct was wrongful, under theories ranging from breach of contract to fraud.

AFFIRMED.

BEEZER, Circuit Judge, concurring:

I concur in the judgment of the court.

**4.** Even though the district court failed to specifically address the Tenth Cause of Action, this Court can affirm dismissal on any basis fairly supported by the record even if the district court did not reach the issue. *Simpson v. AOL Time Warner Inc.*, 452 F.3d 1040, 1046 (9th Cir.2006); *Jett v. Sunderman*, 840 F.2d 1487, 1493 (9th Cir.1988)(reviewing court may uphold correct conclusions of law even if they were reached "for the wrong reason or for no reason").